IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID OWEN,

    Plaintiff,

v.                                                                        No. 2:24-cv-0215 MLG/DLM

AUDUBON FIELD SOLUTIONS, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff David Owen's Motion to Compel Depositions and Reopen Discovery (Doc. 33) and Defendant Audubon Field Solutions, LLC's (Audubon) Corrected Motion for Protective Order (Doc. 40). The Court held a motion hearing on June 4, 2025. (*See* Doc. 42.) Having fully considered the parties' arguments and the relevant law, the Court **grants in part** Owen's motion in that discovery will be reopened for the limited purpose of taking a 30(b)(6) deposition. The Court declines to compel Wellons's deposition because Owen has not established that no other means exists to obtain the information. Consequently, the Court **denies as moot** Audubon's motion for protective order.

**I.**    **Procedural History**

Owen originally filed a Class Action Complaint in New Mexico state court alleging that Audubon's shift rate inspectors regularly worked more than 40 hours a week but were not paid overtime. (*See* Doc. 1-1 ¶¶ 3–4.) Audubon removed the case to federal court based on diversity. (Doc. 1 at 3.) Owen later notified the Court that he will not seek class certification. (Doc. 15.)

Discovery has been extended only once. The Court initially set a February 7, 2025 discovery deadline (Doc. 10 at 2) and subsequently granted the parties' joint motion to extend that deadline to April 4, 2025 (Docs. 21–22).

On April 16, 2025, after the close of discovery, Owen noticed the deposition of Dan Wellons, Audubon's General Counsel, for May 2, 2025. (*See* Doc. 39-10 at 2–3 (Ex. 11).) On May 1, 2025, Audubon filed an untimely motion for a protective order, seeking to bar Wellons's deposition. (Doc. 29.) The Court held a hearing on May 2 and noted that the parties were conducting discovery outside the discovery window. (*See* Doc. 31 at 1.) For that reason, the Court denied without prejudice the motion for protective order and directed the parties to file a motion to reopen discovery and, if necessary, a renewed motion for protective order regarding Wellons's deposition. (*See id.* at 1–2; Doc. 32.)

On May 2, 2025, Owen moved to reopen discovery and compel the depositions of Wellons and a corporate representative.[1] (*See* Doc. 33.) Audubon filed a renewed motion for protective order in its response brief. (*See* Doc. 40.) The matter is fully briefed, and the Court heard oral argument on June 4, 2025. (*See* Docs. 36; 39–42.)

**II.    The Court will grant the request to reopen discovery to depose Audubon's 30(b)(6) witness.**

   **A.    Legal Standard**

"Determining whether to reopen discovery requires striking a delicate balance between the interests of efficiency and accountability on the one hand, and a recognition of the importance of discovery for resolving cases on the merits on the other." *New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C.*, 429 F. Supp. 3d 996, 1005 (D.N.M. 2019) (quoting *Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1284 (D.N.M. 2009)). Although the Court enjoys broad discretion in administering pretrial matters, scheduling orders "may be modified only for good cause and with the judge's consent." *Id.* at 1005–06 (quoting Fed. R. Civ. P. 16(b)(4)) (citing *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990)) (subsequent citation omitted). "Properly construed, 'good cause'

---

[1] The Court granted the motion in part and extended discovery deadlines. (*See* Doc. 35.)

means that scheduling deadlines cannot be met despite a party's diligent efforts." *Id.* at 1006 (quotation omitted).

The Tenth Circuit has outlined several factors courts consider in deciding whether to reopen discovery, including:

> 1) [W]hether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)). The Court would deny a request to reopen discovery if "the situation arose from deliberate strategy rather than mere inattention." *Id.* at 1006–07 (quoting *Mann*, 615 F. Supp. 2d at 1287) (quotation marks omitted).

**B.    Relevant Background**

Owen is suing Audubon for its alleged failure to pay him overtime pay as required by the New Mexico Minimum Wage Act (NMMWA). It is undisputed that the parties were in the process of scheduling a deposition for Audubon's 30(b)(6) witness at the time the Court instructed them to file a motion to reopen discovery. (*See, e.g.*, Docs. 27; 31.)

**C.    Owen may depose Audubon's 30(b)(6) witness.**

The Court will grant Owen's request to reopen discovery for the limited purpose of taking the deposition of a 30(b)(6) witness. Trial has not been set in this matter. Audubon does not argue that it would be prejudiced by reopening discovery, that Owen failed to diligently obtain discovery within the previously set deadlines, or that the need for this discovery was foreseeable. (*See* Doc. 40.)

With respect to the 30(b)(6) witness, Audubon asserts that it "offered . . . to extend the remaining deadlines for the purpose of presenting a 30(b)(6) witness . . . ." (*See id.* at 3.) The

record makes clear that the parties conferred about taking a 30(b)(6) deposition; indeed, the Court heard and offered informal rulings on the parties' disagreements regarding the 30(b)(6) topics.[2] (*See* Doc. 27.) Moreover, the parties agreed to a plan for proceeding with the 30(b)(6) deposition (*see id.* at 4), and Owen noticed the deposition of the 30(b)(6) witness on the day of the discovery hearing (*see* Doc. 41 at 1 & 1 n.2 (citing Doc. 41-2)). Thus, the Court finds it is appropriate to reopen discovery to allow Owen the opportunity to take the 30(b)(6) deposition.

The Court will extend discovery deadlines as follows: discovery terminates **September 5, 2025**; discovery motions deadline **September 15, 2025**; pretrial motions deadline **September 25, 2025**. As discussed at the motion hearing, the parties shall inform the Court *as soon as possible* but no later than **June 25, 2025**, of the date they intend to depose Audubon's 30(b)(6) witness. The Court will make itself available to rule on issues that arise during the deposition (i.e., assertions of attorney/client privilege and work product doctrine).

**III.    The Court will deny without prejudice Owen's request to depose Wellons.**

The Court will deny without prejudice Owen's request to depose Wellons, because Owen has not established that no other means exist to obtain the requested information.[3]

    **A.    Legal Standard**

Although "the Federal Rules of Civil Procedure do not specifically prohibit the taking of opposing counsel's deposition[,] . . . [t]he practice of forcing trial counsel to testify as a witness . . .

---

[2] Although the Court did not *order* a 30(b)(6) deposition as Owen incorrectly states in his motion (*see* Doc. 33 at 3), the undersigned was aware of the parties' intent to take the deposition.

[3] Audubon contends that Owen failed to meaningfully confer regarding the motion to compel and that if he had, the parties may have been able to resolve the issue. (*See* Doc. 40 at 2–3.) Owen disagrees and questions Audubon's surprise, nothing that Audubon "filed a brief regarding this exact issue, setting forth the same arguments, one day before Owen even filed his Motion to Compel." (*See* Doc. 41 at 2 (citing Doc. 29) (emphasis omitted).) In its May 1, 2025 Motion for a Protective Order Regarding Deposition of Dan Wellons, Audubon certified "that the Parties conferred on Plaintiff's opposition to [the] Motion . . . . ." (Doc. 29 at 9.) Given that certification, the Court declines to deny Owen's motion for failure to confer in good faith, as Audubon requests. (*See* Doc. 40 at 3.)

has long been discouraged." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (citations omitted); *see also Willis v. GEICO Gen. Ins. Co.*, No. 13-280 KG/KK, 2016 WL 3876347, at *2 (D.N.M. Apr. 7, 2016) (discussing *Shelton*). In *Shelton*, the plaintiffs sought to depose the defendant's trial counsel. *See Shelton*, 805 F.2d at 1325. The *Shelton* court held that the circumstances under which a court should order the deposition of opposing counsel "should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.* at 1327 (internal citation omitted).

The Tenth Circuit in *Boughton v. Cotter Corp.* held that, under Federal Rule of Civil Procedure 26(c),[4] a court may "issue a protective order against the deposition of opposing counsel when any one or more of the three *Shelton* criteria . . . are *not* met." *See Boughton v. Cotter Corp.*, 65 F.3d 823, 830 (10th Cir. 1995) (discussing *Shelton*, 805 F.2d at 1327). "The party seeking the deposition of opposing counsel bears the burden of establishing that" the *Shelton* "factors are satisfied[,] and . . . the trial court may issue a protective order against the deposition of opposing counsel when any one or more of the three factors are not met." *Malcolm D. Smithson & Christine B. Smithson Trs. v. Amerada Hess Corp.,* No. 06-cv-624 JB/RLP, 2007 WL 5685112, at *7 (D.N.M. Dec. 19, 2007) (citing *Boughton*, 65 F.3d at 829–31 and 830 n.9).

B.   **Relevant Background**

Owen contends Audubon has repeatedly failed to disclose Wellons's involvement in HR and payroll, including in Audubon's: (1) initial disclosures (*see* Docs. 33 at 5–6[5]; 39-1 at 2 (Ex.

---

[4] Rule 26(c) allows a court to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had."

[5] The Court cites to this document's CM/ECF pagination.

5

2)); (2) response to Owen's Interrogatory No. 7, which asked Audubon to "identify the person(s) who created, formulated, approved, investigated, or revised the method of paying a day rate as alleged by [Owen,]" (*see* Docs. 33 at 5–6; 39 at 3 (Ex. 1)); [6] and (3) response to Owen's Supplemental Interrogatories Nos. 9 and 15, which asked Audubon to identify communications regarding its pay practice as well as the individuals responsible for compliance with the NMMWA (Docs. 33 at 6; 33-3 at 9; 39-2 at 2 (Ex. 3)).[7] Owen asserts he did not discover the extent of Wellons's involvement in HR and payroll until April 2025, during the depositions of Wilkins-Rivas, Theard, and Hawkins. (*See* Doc. 33 at 7–8 (citing Docs. 39-3 (Ex. 4), 39-4 (Ex. 5); *see also* Doc. 42 at 1).)

Owen contends that Wellons is the only person with personal knowledge about the following categories of information:

1. Company policies regarding how determinations of exempt status were made (*see id.* at 3), including what tests were undertaken to determine if an employee would be exempt or non-exempt (*id.* at 11);

2. The mechanics of Audubon's pay policies, up to and including final numbers for employee pay and decisions regarding prorating their pay (*id.* at 4);

3. The facts relied upon by Audubon in its defense (*id.* at 5);

4. Why offer letter terms were phrased in specific ways (*id.* at 11); and

5. Why compensation structure was set one way at the beginning of the lawsuit and later changed (*id.* at 11).

---

[6] Audubon responded with a variety of objections and did not disclose any responsible individuals. (*See* Doc. 39 at 3.)

[7] Audubon disclosed additional emails, none of which were sent to or from Wellons (*see* Doc. 33 at 6), and it identified Melissa Rapp, Hayden Hawkins, Libby Wilkins-Rivas, and Laura Theard (*see* Doc. 39-2 at 2).

Audubon states that it has provided all the information Owen requested within its written discovery and depositions. (*See* Doc. 40 at 4.) Thus, it asserts, the requested deposition would yield only "unreasonably cumulative or duplicative" information. (*See id.* at 1.)

**C.     Analysis**

Owen has not met his burden to show that a deposition of Wellons is warranted under *Shelton*. The Court primarily makes this decision because Owen has not yet deposed Audubon's 30(b)(6) witness and, consequently, Owen fails to show that deposing Wellons is the only means available to obtain the requested information. Moreover, while the issue is not presently before the Court, the undersigned is also unconvinced by Audubon's assertions of privilege. (*See* Docs. 40; 42 at 2.)

**1.     The Court will analyze the motion using the *Shelton* factors.**

To begin, Owen contends that the Court need not analyze the motion using the *Shelton* factors, because Wellons acts as in-house counsel, not as opposing trial counsel. (*See* Doc. 33 at 16 (citing *Willmore v. Savvas Learning Co. LLC*, 344 F.R.D. 546, 557 (D. Kan. 2023)).) This distinction is important, Owen argues, "because 'the *Shelton* test was intend[ed] to protect against the ills of deposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy.'" (*Id.* (quoting *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002)).) In *Willmore*, the court found that there was nothing in the record to indicate that defendant's in-house counsel was actively involved in that lawsuit, "either as a supervising attorney for the litigation or as someone who has been involved in formulation of litigation or trial strategy." *Willmore*, 344 F.R.D. at 558 (citations omitted). The court held that the defendant "ha[d] not met its burden to establish that [its in-house counsel] qualifies as 'opposing counsel' for

7

purposes of triggering the *Shelton* factors[,]" but it opted to analyze the issue under *Shelton* anyway to determine whether good cause existed to issue a protective order. *See id.*

In response, Audubon produces Wellons's Declaration. (*See* Doc. 40-5 (Ex. 6).) Wellons avers that he has "engaged in [confidential] discussions" with Audubon employees "relevant to the issues involved in the defense of the above-referenced lawsuit." (*Id.* ¶ 4.) Owen replies that the deposition topics relate only "to Audubon's pay and time policies in effect during [his] employment, which ended in 2021 and does not implicate Audubon's current trial strategy." (Doc. 41 at 5.) Because of the possibility that Wellons has engaged in trial strategy discussion about matters involved in this lawsuit, and out of an abundance of caution, the Court will follow *Willmore*'s lead and analyze this issue under the *Shelton* criteria.

> **2. Owen has not shown that no other means exist to obtain the information.**

The first *Shelton* factor "requires a showing that taking opposing counsel's deposition is the 'only reasonably practical means available for obtaining the information.'" *Roadbuilders Mach. & Supply Co. v. Sandvik Mining & Constr. USA, LLC*, No. 2:22-cv-2331- HLT/TJJ, 2023 WL 3790691, at *3 (D. Kan. June 2, 2023) (quotation omitted). Owen contends that deposing Wellons will provide the only means of obtaining information on five issues: (1) Company policies regarding how determinations of exempt status were made (Doc. 33 at 3, 11); (2) the mechanics of Audubon's pay policies, up to and including final numbers for employee pay and decisions regarding prorating their pay (*id.* at 4); (3) the facts relied upon by Audubon in its defense (*id.* at 5); (4) why offer letter terms were phrased in specific ways (*id.* at 11); and (5) why compensation structure was set one way at the beginning of the lawsuit and was later changed (*id.* at 11).

Owen asserts that Wellons is "the only person at Audubon with personal knowledge" of this information. (*Id.* at 18.) Yet, Owen has yet to depose Audubon's 30(b)(6) witness, who may

be able to shed light on these unanswered questions. Moreover, as discussed at the motion hearing, although Audubon instructed Theard and Wilkins-Rivas not to answer certain questions on the basis of privilege, the Court is not persuaded that Audubon was within its rights to do so. (*See* Doc. 42 at 2; *see also, e.g.*, Doc. 39-3 at 16:11–18:12, 34:4–18, 47:11–49:2 (Ex. 4).)

In sum, Owen has not established that no other means exist to obtain the requested information other than deposing Wellons. Consequently, it is premature for the Court to decide this issue. The Court will deny without prejudice the motions to compel Wellons's deposition and for a protective order. *See, e.g.*, *Amarada Hess Corp.*, 2007 WL 5685112, at *10 (denying without prejudice motion to compel counsel's deposition as premature because plaintiffs had not deposed a rule 30(b)(6) witness).

**IT IS THEREFORE ORDERED** that Owen's Motion to Compel Depositions and Reopen Discovery (Doc. 33) is **GRANTED IN PART** and the Court reopens discovery for the limited purpose of taking the deposition of Audubon's 30(b)(6) witness. The motion to compel is **DENIED without prejudice** with respect to compelling Wellons's deposition.

**IT IS FURTHER ORDERED** that Audubon's Corrected Motion for Protective Order (Doc. 40) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Court extends discovery deadlines as follows: discovery terminates **September 5, 2025**; discovery motions deadline **September 15, 2025**; pretrial motions deadline **September 25, 2025**. The parties shall inform the Court no later than **June 25, 2025**, of the date they intend to depose Audubon's 30(b)(6) witness.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE