IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID OWEN,

      Plaintiff,

v.                                                                                         No. 2:24-cv-0215 MLG/DLM

AUDUBON FIELD SOLUTIONS, LLC,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Audubon Field Solutions, LLC's (Audubon) Amended Motion for Protective Order. (Doc. 52.) Audubon seeks an order from this Court pursuant to Federal Rule of Civil Procedure 26(c), protecting it from compliance with Plaintiff Owen's Notice of Rule 30(b)(6) Deposition issued on July 21, 2025. (*See id.*; *see also* Doc. 52-1.) Having fully considered the parties' arguments and the relevant law, the Court **grants in part and denies in part** Audubon's motion for protective order.

**I.**     **Procedural History**

Owen originally filed a Class Action Complaint in New Mexico state court alleging that Audubon's shift rate inspectors regularly worked more than 40 hours a week but were not paid overtime. (*See* Doc. 1-1 ¶¶ 3–4.) On March 1, 2024, Audubon removed the case to federal court based on diversity jurisdiction. (Doc. 1 at 3.) On October 18, 2024, Owen notified the Court that he would not seek class certification. (Doc. 15.)

The Court has held multiple discovery hearings to address disputes over deposition scope, relevant timeframes, and Rule 30(b)(6) topics. (*See* Docs. 18; 27; 31; 42.) On May 11 2025, Audubon filed a motion for protective order regarding the deposition of its in-house attorney. (Doc. 28.) The Court held a motion hearing the next day, informing the parties that discovery had closed

on April 4, 2025. (*See* Doc. 31.) The Court subsequently denied the motion as moot and instructed the parties to move to reopen discovery. (Doc. 32.) The Court later granted in part a motion to reopen discovery, deferring any ruling on the deposition of Audubon's in-house counsel until after a Rule 30(b)(6) deposition. (Doc. 35.) On June 5, 2025, the Court entered a Memorandum Opinion and Order further extending discovery deadlines for the limited purpose of taking the deposition of Audubon's 30(b)(6) witness, denying without prejudice the request to compel the deposition of their in-house counsel. (*See* Doc. 43.)

On July 2, 2025, the Court held an informal discovery conference to address remaining disputes, including whether Audubon could rely on prior testimony in lieu of live 30(b)(6) witnesses, the scope of discovery, and objections to Owen's 30(b)(6) topics. (*See* Doc. 46.) During the hearing, the Court informed the parties of its likely ruling on these issues but noted that the parties retained the option to commence formal briefing. (*See id.*) On July 29, 2025, Audubon moved for a protective order regarding Owen's 30(b)(6) notice; the Court denied the motion without prejudice for procedural deficiencies. (*See* Docs. 48–49; 51.)

On August 6, 2025, Audubon filed an amended motion for protective order. (Doc. 52.) The amended motion seeks to preclude testimony on Topics 1.e, 4–8, 13, 16, 18, and 19.c–d. (*See id.* at 1–2.)

**II.    Standard of Review**

Federal Rule of Civil Procedure 30(b)(6) provides in pertinent part that:

> a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify . . . . The persons designated must testify about information known or reasonably available to the organization. . . .

Fed. R. Civ. P. 30(b)(6).

2

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if[] (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 26(c)(1) permits the Court, upon good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including, among other measures, "forbidding the disclosure or discovery" or "limiting the scope of [inquiry] to certain matters . . . ." Fed. R. Civ. P. 26(c)(1)(A), (D). The burden is on the party seeking the protective order to show good cause for the request. *Quarrie v. Wells*, No. 17-cv-0350 MV/GBW, 2020 WL 5329886, at *3 (D.N.M. Sept. 4, 2020) (citing *Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 721 (D.N.M. 2017)) (subsequent citation omitted).

**III.  Analysis**

Audubon seeks a protective order prohibiting the Rule 30(b)(6) deposition on Topics 1.e., 4, 5, 6, 7, 8, 13, 16, 18, 19.c., and 19.d. (*See* Doc. 52 at 1–2.)

    **A.**    **Topic 1.e**

Topic 1.e, in relevant part, seeks "general details" regarding Owen's daily reports during the relevant period of his employment. (*See* Doc. 52-1 at 4.[1]) Audubon objects that the request is overbroad and lacks reasonable particularity, noting that Owen prepared hundreds, if not thousands, of multi-page reports over his four-year employment. (*See* Doc. 52 at 4.) Audubon contends that preparation for the topic would be unduly burdensome. (*Id.*)

---

[1] The Court cites to the CM/ECF pagination of all briefs and exhibits, rather than to each document's internal pagination.

3

Owen disputes Audubon's characterization of the scope of the request and insists that the request seeks only high-level information—such as the reports' required contents, submission guidelines, and productivity expectations—which are relevant to Owen's job duties, hours worked, and Audubon's exemption defense. (*See* Doc. 53 at 2–3.) Audubon maintains that the original wording lacks clarity but agrees to be bound by the prior deposition testimony of previously deposed witnesses, Thomas Culver and Hayden Hawkins, concerning the daily reports, and to provide live witness testimony regarding the clarifications Owen has proposed. (*See* Doc. 54 at 2.)

The Court agrees that the original wording of Topic 1.e is overbroad and lacks sufficient particularity but finds that Owen's clarification (Doc. 53 at 2–3) cures these defects. As revised, the topic is proportional to the needs of the case and sufficiently specific to allow Audubon to designate and prepare a Rule 30(b)(6) witness. Testimony shall be limited to high-level information regarding Owen's daily reports during the relevant time period, including their required contents, submission guidelines, and productivity expectations, and shall not extend to testimony on each individual report. This narrowed scope is relevant to Owen's job duties, hours worked, and Audubon's exemption defense. Further, Audubon itself has stated that some issues in this case "are determined by what Owen did when he was employed and how he was paid" (Doc. 54 at 3), and Owen's daily reports directly relate to what he did when he was employed.

Accordingly, the Court finds that Topic 1.e, as clarified by Owen, is appropriate for Rule 30(b)(6) testimony. Audubon shall produce a witness prepared to testify to the general details of Owen's daily reports, limited to the categories outlined above. To the extent the parties agree for Audubon to be bound by prior deposition testimony of Thomas Culver and Hayden Hawkins on this topic, such agreement is appropriate. Audubon's motion for protective order is therefore **granted in part** as to Topic 1.e, which shall proceed only as revised above.

### B.     Topics 4-8

The following topics relate to the identification of individuals involved in Audubon's pay policies and related practices:

4. The person or person(s) who had any role in creating, formulating, editing, or advising as to AUDUBON'S pay policies and procedures (including AUDUBON'S SHIFT RATE policy) and/or AUDUBON'S employee handbook.
5. The person or person(s) who had any role in instructing or advising AUDUBON on its pay practices and/or pro rating PLAINTIFF'S pay.
6. The person or person(s) responsible for formulating, editing, advising, and/or training on AUDUBON'S employment classification policies.
7. The person or person(s) responsible for training AUDUBON'S employees on how to apply Audubon's policies to employees.
8. The person or person(s) responsible for creating, formulating, editing, or advising as to AUDUBON'S wage and hour compliance protocols for federal and state laws (including New Mexico).

(*See* Doc. 52-1 at 4.) Audubon objects to these topics, arguing that the identities of such individuals are irrelevant to whether Owen was paid on a salary basis or performed exempt duties. (*See* Doc. 52 at 5–6; *see also* Doc. 54 at 4–5.) Audubon further objects that requiring a live witness to provide names is unduly burdensome when the information could be obtained more conveniently through interrogatories. (*See* Doc. 52 at 6 (citing *U.S. ex rel. Smith v. Boeing Co.*, No. 05-1073-WEB, 2009 WL 2777278, at *6 (D. Kan. Aug. 27, 2009); *Tyus v. Wendy's of Las Vegas, Inc.*, No. 2:14-cv-729-GMN-VCF, 2015 WL 13678046, at *4 (D. Nev. Apr. 6, 2015)).) Audubon also argues that the Court previously sustained its objection to Interrogatory 7 seeking similar information, finding that "the issue is not who created the policy, but how is it applied to Owen." (*See* Doc. 54 at 2–3 (citing Docs. 18 at 2; 36 at 7).)

Owen responds that testimony identifying the individuals responsible for Audubon's pay policies is squarely within the scope of permissible discovery because it goes to the heart of the claims under the New Mexico Minimum Wage Act (NMMWA) and Audubon's compliance efforts. (*See* Doc. 53 at 4.) Those who created, revised, trained on, or advised regarding these

5

policies are key fact witnesses whose roles directly bear on how the challenged practices were developed and maintained. (*Id.*) Owen further notes that no additional written discovery is authorized in the reopened discovery period, making a 30(b)(6) deposition the only available means to obtain this information. (*Id.*) Owen also distinguishes *Boeing* and *Tyus* as involving far broader and more burdensome identification requests. (*Id.* at 5–6.)

The Court finds that Topics 4 and 5, as drafted, are overbroad and not proportional: the "any role" language sweeps in peripheral actors with minimal or tangential involvement, and Topic 4's reference to the employee handbook encompasses numerous subjects unrelated to the dispute. Topic 7 is likewise overbroad in its current form because "Audubon's policies" is undefined and could encompass all corporate policies, many of which have no bearing on the issues in this case. Topics 6 and 8, by contrast, are described with reasonable particularity and seek relevant, non-privileged information proportional to the needs of the case. Employee classification is central to the exemption analysis under the NMMWA, and wage and hour compliance protocols go directly to the claims at issue.

Further, Audubon mischaracterizes the Court's position regarding Interrogatory No. 7. Contrary to Audubon's assertion that the Court "sustain[ed] Audubon's objections" to identifying the person(s) responsible for the day rate policy (*see* Doc. 54 at 2–3), the Court's comments during the December 12, 2024 informal discovery conference reflect a more nuanced view. The Court acknowledged that policy creation is often a team effort and emphasized that "the issue is not who created the policy, but how is it applied to Owen." (*See* Doc. 18 at 2.) While the Court indicated it would sustain the objection based on Audubon's argument, it also directed the parties to work on identifying a Rule 30(b)(6) witness who could testify to the factual basis for Audubon's classification of Owen and its position on overtime eligibility. (*See id.*) The Court's full comments

reflect a preliminary view in an informal setting, not a definitive ruling on the scope of permissible deposition testimony. (*See id.*)

Yes, the Court has previously stated that "[t]he issue is not who created the policy, but how is it applied to Owen." (*See id.*) However, to determine that application, Owen must identify individuals who had a role and can testify regarding how the policy was applied; prior witnesses have lacked such knowledge and referred only to others. (*See, e.g.*, Docs 39-3 at 2, 7–9, 11; 39-4 at 3–4, 5–6; 39-9 at 2–3, 4–5.) Audubon cites *Boeing* and *Tyus* for the proposition that requiring a corporate representative to appear for a deposition to provide the names and addresses of witnesses is a waste of time and money, and that such information is more appropriately obtained through simple interrogatories. (*See* Doc. 52 at 6; *see also* Doc. 54 at 3–4.) Audubon further asserts that Owen misinterprets *Boeing* to suggest that "a Rule 30(b)(6) [respondent] cannot claim that the information may be obtained more easily by other means." (*Id.*) This is not how the Court construes Owen's argument. Owen does not contend that Rule 30(b)(6) forecloses consideration of alternative discovery methods. (*See* Doc. 53 at 5–6.) Rather, Owen argues that in the context of this case—where written discovery is closed and prior witnesses have lacked personal knowledge—a deposition is the only authorized and practical means of obtaining the relevant information. (*See id.*) The Court agrees that *Boeing* does not stand for a categorical rule barring such testimony and finds that the circumstances here warrant limited deposition testimony on Topics 6 and 8. Rule 26(b)(1) provides that a party may seek information on the "identity and location of persons who know of any discoverable matter," and while Audubon relies on *Boeing* to argue that identifying individuals is better suited to interrogatories, courts have recognized that Rule 30(b)(6) depositions may properly include topics seeking the identities of individuals involved in relevant corporate practices. *See, e.g.*, Fed. R. Civ. P. 26 advisory committee's note to

7

2015 amendment; *In re Williams Cos. Erisa Litig.*, No. 02-cv-153 K(M), 2005 WL 8159600, at *1 (N.D. Okla. June 10, 2005) (finding that "questions directed at discovering the identity of [persons having knowledge of facts pertaining to the matters at issue] are a fair subject for deposition or other discovery"). Audubon's reliance on *Tyus* is similarly unpersuasive. The Court does not construe Owen's position as foreclosing alternative discovery methods, but rather as recognizing that, under the current procedural posture with discovery having been extended for a limited purpose, a Rule 30(b)(6) deposition is the only authorized and practical means of obtaining the information sought.

Accordingly, the motion for protective order is **granted in part and denied in part**: Audubon shall designate and prepare a witness to testify to the identities of the individuals described in Topics 6 and 8, while Topics 4, 5, and 7 are narrowed as follows. Topic 4 shall be narrowed to individuals with primary responsibility or substantial involvement in creating, formulating, editing, or advising on Audubon's pay policies and procedures (including the shift rate policy) that are relevant to Owen's claims, excluding unrelated portions of the employee handbook. Topic 5 shall be narrowed to individuals with primary responsibility or substantial involvement in instructing or advising Audubon on the specific pay practices and/or prorating of Owen's pay that are relevant to the claims and defenses in this case. Topic 7 shall be narrowed so that it does not extend to training on any and all corporate policies but is limited to training on the application of Audubon's pay, classification, and wage/hour compliance policies relevant to Owen's claims. Testimony on Topics 4, 5, and 7, as narrowed, shall be limited to the applicable time period.

    C.    Topics 13.a–f

Topics 13.a–f relate to investigations, decisions, audits, or reviews by Audubon as to whether Owen met the salary basis test, including:

   a. The identity of individuals (internally or externally) who provided information or made decisions regarding the salary basis;
   b. The specific information, documentation or authoritative sources that AUDUBON consulted or relied upon (if any);
   c. Any calculations performed by AUDUBON and the results of those calculations to determine whether PLAINTIFFS' compensation met the reasonable relationship test;
   d. The facts and law supporting each conclusion made related to salary basis;
   e. The dates that AUDUBON (and its agents) made any investigation, decision, or review as to whether PLAINTIFF was paid a salary under the FLSA; and
   f. The dates that AUDUBON (and its agents) communicated the results of any investigation, decision, or review as to whether PLAINTIFF was paid a salary under the FLSA.

(*See* Doc. 52-1 at 5.)

Audubon objects to these topics as irrelevant, disproportionate, and likely to invade attorney-client privilege or work product protections. (*See* Doc. 52 at 7.) It also contends Topic 13.d improperly calls for legal conclusions and that the topics impermissibly seek information on "willfulness," which it points out is not an element under the NMMWA.[2] (*Id.* at 7–8.) Audubon further asserts that the substance of Topic 13 is already addressed by other deposition topics, including Topics 2, 9, 10, 12, and 14. (*See* Doc. 54 at 5–6.)

Owen responds that the topics go to the heart of the case—whether Audubon's pay practice, as applied to Owen, satisfied the salary basis test—and are limited to Owen individually and the relevant time period. (*See* Doc. 53 at 6–7.) Owen cites *Radian Asset Assurance, Inc. v. College of the Christian Brothers of New Mexico*, 273 F.R.D. 689, 691–92 (D.N.M. 2011), for the proposition

---

[2] As the court explained in *Collopy v. Wexford Health Sources, Inc.*:

> Under the New Mexico Minimum Wage Act, employers must pay employees hourly wages no less than the amounts set by the Act. *See* N.M.S.A. 1978 § 50-4-22(A). Employers must also pay "one and one-half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours" in a week. *Id.* at § 50-4-22(D). The Act also lets employees sue their employers for failure to pay, or underpayment of, such wages. *Id.* at § 50-4-26(C). Employees seeking recovery for unpaid overtime must prove (1) they worked more than forty hours in a week; (2) management knew or should have known that this was the case; and (3) the employees were not compensated for their overtime work. *Self v. United Parcel Serv., Inc.*, 70 P.2d 582, 589 (N.M. 1998).

*Collopy v. Wexford Health Sources, Inc.*, No. 23-cv-0143 KG/JHR, 2024 WL 383463, at *2 (D.N.M. Feb. 1, 2024).

that Rule 30(b)(6) may be used to obtain the factual bases underlying a party's claims or defenses, so long as "mental impressions, conclusions, opinions, and legal theory" are protected. (*Id.* at 7.) Owen further notes that privilege concerns can be addressed in real time during the deposition, as the Court previously directed. (*Id.* at 7–8 (citing Doc. 42 at 2).)

The Court finds that Topics 13.a–c seek relevant, nonprivileged factual information that is proportional to the needs of the case and appropriately limited to Owen and the relevant time period. These topics concern Audubon's internal determinations and factual bases regarding Owen's compensation and classification under the NMMWA. The identity of decision-makers, the materials they relied on, and any internal calculations performed are directly relevant to whether Audubon's pay structure satisfied the salary basis test in practice—not just in theory.

Audubon's argument that Topic 13.d calls for legal conclusions is unpersuasive. Courts routinely distinguish between impermissible legal opinions and permissible inquiries into the factual basis for a party's legal position. Topic 13.d may proceed to the extent it seeks factual information underlying Audubon's conclusions, but the Court will not require disclosure of attorney mental impressions or legal theories. Courts have allowed Rule 30(b)(6) depositions to include questions that ask for the full factual basis behind a party's claims or defenses—even if those questions resemble what are typically asked in written contention interrogatories. *See Radian Asset Assur., Inc.*, 273 F.R.D. at 691–92. These types of inquiries are permitted so long as they do not seek privileged legal opinions or mental impressions. *See id.* at 691. Limiting depositions too narrowly would reduce their usefulness and lead to unnecessary disputes over what is allowed. *See id.* at 692. Privilege objections may be raised during the deposition and resolved in real time, consistent with the Court's prior order.

The Court is also not persuaded that Topics 13.a–d are duplicative of other deposition topics. Topics 2, 9, 10, 12, and 14 focus on the structure of Owen's compensation, the policies in place, and the factual basis for Audubon's defenses.[3] In contrast, Topic 13 targets Audubon's internal decision-making process—who made determinations about salary basis, what sources they relied on, and what calculations or evaluations were performed. That inquiry is distinct and not covered by the other topics, which focus more on external facts and formal policies than internal review and reasoning.

By contrast, the Court finds that Topics 13.e–f, which seek the dates of any investigation, decision, review, or communication regarding whether Owen was paid on a salary basis under the FLSA, are not proportional to the needs of the case. The parties are not litigating claims under the FLSA, and Owen has not shown that the timing of internal FLSA-related communications bears on the remaining NMMWA claims. These topics address the chronology of internal actions rather than the substance of how Owen was paid or the factual basis for Audubon's determinations under

---

[3] The 30(b)(6) Notice Topics 2, 9, 10, 12, and 14 are as follows:

> 2. PLAINTIFF'S compensation during the RELEVANT TIME PERIOD, any safeguards in place to ensure no deductions were made from PLAINTIFF'S salary, and YOUR policies and procedures regarding wage payments, overtime payments, and payroll submissions during the RELEVANT TIME PERIOD.
> . . .
> 9. The pay practice(s) PLAINTIFF was subject to during the RELEVANT TIME PERIOD.
> 10. The facts, documents, and legal basis to support AUDUBON'S affirmative defenses.
> . . .
> 12. The factual basis for DEFENDANT'S contention that PLAINTIFF was paid on a salary basis and was exempt under the NMMWA during the RELEVANT TIME PERIOD, to include specifying the exemption at issue and identifying documents supporting that contention. *See* AUDUBON'S Answer, ECF Doc. 4, at Aff. Def. No. 6.
> . . .
> 14. The practices, protocols, and procedures used by AUDUBON to ensure compliance with federal and state wage and overtime payment laws and regulations with regard to payment of any purported guaranteed salary, with or without hourly extras, and the payment of a SHIFT RATE during the RELEVANT TIME PERIOD to PLAINTIFF.

(*See* Doc. 52-1 at 4–5.)

state law. While such timing evidence might bear on peripheral issues like willfulness or notice, those are not elements of the remaining claims and do not justify further inquiry at this stage.

Accordingly, the motion for protective order is **granted in part and denied in part**. Audubon shall designate and prepare a Rule 30(b)(6) witness to testify to Topics 13.a–d. Topic 13.d shall be limited to the factual bases for Audubon's conclusions, without requiring legal opinions or attorney mental impressions. Topics 13.e and f are excluded.

### D.  Topic 16

Topic 16 seeks Rule 30(b)(6) testimony regarding:

> Prior claims, complaints, lawsuits, or settlements of claims relating to the misclassification of workers as exempt employees between AUDUBON and any employee AUDUBON classified as exempt made during the RELEVANT TIME PERIOD, including the terms of any settlement and the amount paid, to include any claims, complaints, lawsuits, or settlements of claims relating to payment of a SHIFT RATE.

(*See* Doc. 52-1 at 5.)

Audubon argues the topic is overbroad, irrelevant, and not proportional to the needs of the case. (*See* Doc. 52 at 8.) Owen responds that Topic 16 seeks information about prior claims or complaints involving the same pay practice at issue in this case. Specifically, Owen points to alleged misclassification and the use of shift-rate pay. (*See* Doc. 53 at 6.) Owen argues that this information is relevant to the salary basis issue. In particular, Owen asserts that responsive testimony may show whether Audubon had a "pattern or practice of making improper salary deductions," which could bear on whether Owen was paid on a salary basis. (*See id.* (citing 29 C.F.R. § 541.603(a)).)

The Court concludes that Topic 16, as drafted, is not proportional to the needs of the case. The claims at issue concern whether Audubon's pay practice, as applied to Owen, satisfied the salary basis test. Topic 16 seeks information about prior claims, complaints, lawsuits, or

12

settlements possibly involving other employees, even if limited to the relevant time period and to misclassification or shift-rate pay. While such information may have some relevance to broader pay practices, it does not directly address the mechanics of how *Owen* was paid or the factual basis for Audubon's classification of Owen.

Courts have allowed limited discovery into prior claims and complaints when they bear directly on an employer's knowledge or broader practices. *See Garcia v. Crossmark, Inc.*, 157 F. Supp. 3d 1046, 1054 (D.N.M. 2015) (permitting evidence of prior complaints to support inference of employer awareness). But where the connection to the plaintiff's individual claims is weak or would require exploring unrelated circumstances, courts have declined to compel such testimony. *See, e.g., Kinzer v. LifeAid Beverage Co.*, No. 21-cv-5589 EJD/VKD, 2021 WL 5848074, at *3 (N.D. Cal. Dec. 9, 2021) (rejecting broad request for prior complaints not tied to plaintiff's own claims); *Ellis v. Hobbs Police Dep't*, No. 17-cv-1011 WJ/GBW, 2019 WL 3388459, at *2–3 (D.N.M. July 26, 2019) (denying discovery into prior claims and complaints that occurred long before the events at issue and were only marginally relevant).

Audubon also contends that Topic 16 is aimed at probing willfulness or good faith, which are not elements under the NMMWA, and that prior lawsuits or claims are not probative of willfulness. (*See* Doc. 52 at 8.) To support this point, Audubon cites *Almanza v. Taqueria El Alteno No. 1, Inc.*, Civ. No. H-09-655, 2010 WL 11678958, at *7–8 (S.D. Tex. July 29, 2010) and *Inclan v. N.Y. Hosp. Group, Inc.*, 95 F. Supp. 3d 490, 503 (S.D.N.Y. 2015), both of which involved motions for summary judgment and considerations of whether the defendants' knowledge of prior claims was sufficient to show willfulness. (*See id.*) Because Owen has not responded to Audubon's willfulness contention regarding this topic, and because the Court grants the protective order on proportionality and relevance grounds, the Court need not reach the willfulness issue.

As the topic would require discovery into matters involving other employees and potentially different factual circumstances, and because its connection to the core issue of how Owen was paid is weak on its face, the Court finds that Topic 16 is overbroad, of limited relevance, and not proportional to the needs of the case. Accordingly, Audubon's motion for protective order is **granted** as to Topic 16.

E.   Topic 18

Topic 18 seeks Rule 30(b)(6) testimony regarding "[t]he creation, implementation, maintenance, and review of the purported 'guaranteed salary' pay practice with hourly, shift, or other extras, or otherwise referencing YOUR practice of paying employees a purported salary, whether or not you contend the EMPLOYEES at issue are exempt." (*See* Doc. 52-1 at 5–6.)

Audubon argues the topic is irrelevant and not proportional to the needs of the case. (*See* Doc. 52 at 9.) Owen responds that Topic 18 is relevant because it addresses the pay practice at the center of the dispute, and that understanding how the "guaranteed salary" policy was created, implemented, maintained, and reviewed is necessary to compare its design with its application to Owen. (*See* Doc. 53 at 6–7.)

The Court finds that Topic 18 is relevant to the specific "guaranteed salary" pay practice at issue and seeks relevant, nonprivileged factual information proportional to the needs of the case. Testimony regarding the creation, implementation, maintenance, and review of that pay practice is directly relevant to determining whether, in both design and operation, it satisfied the salary basis test as applied to Owen. Understanding the policy's development and administration provides necessary context for evaluating its actual application to Owen's compensation. Courts have permitted discovery into internal pay policies where those policies are central to the legal claims. *See, e.g.*, *Cruz v. AerSale, Inc.*, No. 22-cv-0857 GJF/KRS, 2024 WL 4680600, at *5 (D.N.M. Nov. 5, 2024) (finding documents related to pay practices and classification relevant to wage claims)

14

(citation omitted); *Flowers v. Matheson Tri-Gas, Inc.*, No. 19-cv-0148 RB/SCY, 2020 WL 1889108, at *3 (D.N.M. Apr. 16, 2020) (holding that internal policy information was relevant to assessing the employer's rationale for disputed employment actions). The fact that some of the same information might also bear on issues such as willfulness does not render it irrelevant where it directly addresses the legality of the pay practice.

Accordingly, Audubon's motion for protective order is **granted in part** as to Topic 18. The topic shall be limited to the relevant time period and to the specific "guaranteed salary" pay practice at issue.

### F.    Topics 19.c–d

Topics 19.c and d seek Rule 30(b)(6) testimony regarding the discovery practices of Audubon, "including . . . [t]he search terms AUDUBON utilized in responding to PLAINTIFF'S discovery; and . . . [h]ow AUDUBON'S search(es) for responsive and relevant DOCUMENTS and information was/were conducted." (Doc. 52-1 at 6.)

Audubon objects that these topics are irrelevant, not proportional to the needs of the case, and not described with reasonable particularity. (*See* Doc. 52 at 9.) It argues that no questions have been raised regarding the adequacy of its discovery responses, and that even if such an issue existed, Owen should seek to remedy alleged deficiencies through a motion to compel, not through Rule 30(b)(6) deposition testimony. (*See id.*) Audubon cites *Maines v. Delta Community Credit Union*, No. 11-cv-2192 ODE/ECS, 2013 WL 12384280, at *9 (N.D. Ga. Mar. 29, 2013), where the court barred similar discovery because the plaintiff had not shown any failure to produce relevant documents. (*Id.*) Audubon further contends that the topics risk intruding on privileged attorney-client communications and work product. (*See id.* at 9–10.)

Owen responds that these topics are appropriate because the reason for reopening discovery was Audubon's deficient responses, as detailed in Owen's motion to reopen. (*See* Doc. 53 at 8

(citing Doc. 33 at 3–4).) Owen argues that Audubon's failure to adequately respond to interrogatories is a documented issue, thus making the topic a suitable subject for deposition. (*Id.*) Owen also argues that any privilege issues can be handled during the deposition itself. (*Id.*)

The Court finds that Topics 19.c–d are not proportional to the needs of the case at this time. While Owen raised concerns about Audubon's discovery conduct, the Court has not found that Audubon failed to produce relevant documents or that its search efforts were inadequate. *See, e.g.*, *Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 364 (N.D. Tex. 2013) (denying discovery into search methods where no evidence supported claims of missing documents); *Martley v. City of Basehor, Kan.*, No. 19-2138 DDC/GEB, 2021 WL 4134307, at *4 (D. Kan. Sept. 10, 2021) (limiting inquiry into discovery conduct absent showing of deficiency).

To the extent Audubon argues that search terms and methods are categorically irrelevant, that argument is unpersuasive. Courts have recognized that ESI search terms may be relevant when tied to underlying discovery requests. *See Isberner v. Walmart, Inc.*, No. 20-2001 JAR/KGG, 2020 WL 6044097, at *7 (D. Kan. Oct. 13, 2020), *objections overruled*, 2020 WL 7248206 (D. Kan. Dec. 9, 2020). However, relevance alone does not justify discovery where proportionality is lacking. *See Sinclair Wyo. Ref. Co. v. Infrassure Ltd.*, No. 15-cv-194-F, 2016 WL 11588072, at *6 (D. Wyo. Nov. 7, 2016) (denying request for search term disclosure where no showing of gaps in production was made).

Accordingly, the motion for protective order is **granted** as to Topics 19.c–d. This ruling is without prejudice to Owen raising the issue again if specific deficiencies in Audubon's discovery responses are later identified.

### IV.   Conclusion

For the reasons discussed herein, the Court **GRANTS IN PART** and **DENIES IN PART**

the Motion for Protective Order by Defendant Audubon Field Solutions, LLC (Doc. 52) as follows:

Topic 1.e: **granted in part**;

Topics 4–8: **granted in part and denied in part**;

Topics 13.a–f: **granted in part and denied in part**;

Topic 16: **granted**;

Topic 18: **granted in part**;

Topics 19.c–d: **granted**.

**IT FURTHER ORDERED** that the September 17, 2025 Motion Hearing (Doc. 55) concerning Defendant Audubon Field Solutions, LLC's Amended Motion for Protection from Plaintiff's Seventh Amended 30(b)(6) Deposition Notice (Doc. 52) is hereby **VACATED**.

**IT SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE