IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID OWEN,

    Plaintiff,

v.                                                                  No. 2:24-cv-0215 MLG/DLM

AUDUBON FIELD SOLUTIONS, LLC,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment. (Doc. 87.) Having considered the parties' arguments and the relevant law, the Court **RECOMMENDS**[1] that the motion be **DENIED**.

**I.  Relevant Procedural History**

The undersigned has met with counsel in this matter half a dozen times to mediate discovery disputes and/or to extend deadlines. (*See, e.g.*, Docs. 18; 27; 42; 46; 61; 74.) On September 30, 2025, the Court held a motion hearing on Owen's Motion to Reopen Discovery and Modify Schedule. (*See* Docs. 57; 61.) Owen sought extensions to the discovery and pretrial motion deadlines in order to have time to schedule and conduct Rule 30(b)(6) depositions. (*See* Doc. 57 at 1–2.)

The Court heard argument from counsel, and the minutes reflect that the Court set a deadline of January 21, 2026, for dispositive motions. (Doc. 61 at 2.) The Order memorializing the Court's rulings noted a pretrial motion deadline of January 13, 2026. (Doc. 62 at 1.) Audubon

---

[1] United States District Judge Matthew L. Garcia entered an Order of Reference on February 4, 2026, referring the Motion to Strike to the undersigned magistrate judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 92.)

filed its motion for summary judgment on January 13, 2026. (*See* Doc. 83.) Owen filed a motion for summary judgment on January 21, 2026. (Doc. 85.) Audubon now moves to strike Owen's motion on the basis that it was untimely. (Doc. 87.) Owen argues that the motion was timely according to the undersigned's oral pronouncement at the hearing. (*See* Doc. 92 at 2.)

**II.     Analysis**

Owen argues that the undersigned's oral pronouncement regarding "dispositive" motions is more specific than the general "pretrial" motion deadline set out in the Order. (*See* Doc. 90 at 2 (citations omitted).) The undersigned will clarify: the date recorded in the Order was an error. As announced at the hearing and recorded in the minutes, the Court intended to set a pretrial motion deadline—which included dispositive motions—of January 21, 2026.[2] (*See* Doc. 61 at 2.)

Audubon argues that Owen's later filing of his motion "is materially prejudicial to [Audubon] because it let [Owen] tailor his Motion for Summary Judgment to the arguments and evidence presented in [Audubon's] motion." (*See* Doc. 87 at 3.) Owen responds and points out the differences between his response to Audubon's motion and his own motion for summary judgment. (*See* Doc. 90 at 7.) Owen's argument is persuasive. Audubon fails to show prejudice sufficient to strike Owen's motion.

The undersigned regrets the scrivener's error in the Order and urges counsel, in the future, to reach out with questions about deadlines to avoid needless briefing. In short, I recommend the Court **DENY** Audubon's motion to strike.

**IT IS THEREFORE RECOMMENDED** that the Court **DENY** Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment. (Doc. 87.)

---

[2] In this instance, the difference between "dispositive" and "pretrial" motions was meaningless. As the Court noted in its original Scheduling Order, the pretrial motion deadline applies to "[p]retrial motions, other than discovery motions," and includes "motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine." (*See* Doc. 10 at 3 & n.2.)

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

3