IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID OWEN,

      Plaintiff,

v.                                                                     No. 2:24-cv-0215 MLG/DLM

AUDUBON FIELD SOLUTIONS, LLC,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Plaintiff David Owen's Motion to Compel Discovery. (Doc. 78.) The Court held a motion hearing on February 23, 2026. (*See* Doc. 102.) Having fully considered the parties' arguments and the relevant law, the Court **grants in part** Owen's motion as outlined below.

## I.    Relevant History

Owen originally filed a Class Action Complaint in New Mexico state court. (*See* Doc. 1-1.) He alleges that Audubon's shift rate inspectors regularly worked more than 40 hours a week but were not paid overtime in violation of the New Mexico Minimum Wage Act. (*See* Doc. 1-1 ¶¶ 3–4, 106.) Audubon removed the case to federal court based on diversity. (Doc. 1 at 3.) Owen no longer seeks class certification. (Doc. 15.)

The Court has held several formal and informal discovery hearings in this matter and extended discovery deadlines a number of times. (*See, e.g.*, Docs. 16; 18–19; 24, 27; 33; 43; 46; 57; 61–62; 74–75.)

On December 15, 2025, Owen filed a Motion to Compel Discovery. (Doc. 78.) Owen contends that Audubon has not supplemented its discovery responses as it is required to under Federal Rule of Civil Procedure 26(e). (*See id.*) Audubon asks the Court to deny the motion both

because it is untimely and because it lacks merit. (*See* Doc. 79.) On February 5, 2026, the Court ordered Audubon to submit a privilege log and the underlying documents to the Court for an in camera review. (*See* Docs. 94–95.) Audubon submitted the privilege log and 640 pages of documents as ordered.

## II.    Legal Standards

### A.    Discovery and Objections

The Federal Rules allow discovery on "any nonprivileged matter that is relevant to any party's claim or defense [that is] proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The Rules require that parties timely supplement or correct previous discovery disclosures or responses "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[] or . . . as ordered by the court." Fed. R. Civ. P. 26(e)(1). "Generally speaking, the scope of discovery in Federal Rule of Civil Procedure 26 is broad" so that parties may "'obtain the fullest possible knowledge of the issues and facts before trial.'" *Garcia v. State Farm Mut. Auto. Ins. Co.*, No. 1:24-cv-1286 KK/KRS, 2025 WL 2966364, at *3 (D.N.M. Oct. 21, 2025) (quoting *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)) (subsequent citation omitted).

Interrogatories are governed by Rule 33, which provides: "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *Id.* (quoting Fed. R. Civ. P. 33(b)(3)). The bases for any "objection[s] 'must be stated with specificity.'" *Id.* (quoting Fed. R. Civ. P. 33(b)(4)). A party that fails to timely object waives its objections. *See id.* (citing Fed. R. Civ. P. 33(b)(4)). Moreover, a party's "unilateral declaration that no objections are waived will not be allowed to displace the command of Rule 33 that the party either answer fully

or object." *Id.* (quoting *D.J. Simmons, Inc. v. Broaddus*, 2001 WL 37125080, at *3 (D.N.M. July 10, 2001)).

Requests for production are governed by Rule 34, which requires the responding party to "state with specificity the grounds for objecting to the request, including the reasons." *Id.* (quoting Fed. R. Civ. P. 34(b)(2)(B)). Because objections must be stated with specificity, "[b]oilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Id.* (quoting *Broaddus*, 2001 WL 37125080, at *3).

## B.     Attorney-Client Privilege

The scope of discovery is limited by attorney-client privilege and the work-product doctrine. *See Anaya v. CBS Broadcasting, Inc.*, 251 F.R.D. 645, 650 (D.N.M. 2007) (citation omitted). The purpose of the attorney-client privilege "is 'to encourage clients to make full disclosure to their attorneys.'" *Id.* (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). Under Federal Rule of Evidence 501, "state law supplies the rules concerning attorney-client privilege in diversity cases." *Id.* (citing *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 699 (10th Cir. 1998)).

"Under New Mexico law, the attorney-client privilege applies to 'confidential communications made for the purpose of facilitating the rendition of professional legal services to the client.'" *Id.* (quoting *Bd. of Comm'rs of Dona Ana Cnty. v. Las Cruces Sun News*, 76 P.3d 36, 44 (N.M. Ct. App. 2003); N.M.R.A. 11-503(B)). The party claiming the privilege has the burden to show "that it applies and that it has not been waived." *Id.* (citations omitted). It is not enough that a party offers a "bald assertion" of privilege; rather, the party must "clarify and explain its objections and . . . provide support therefor." *Id.* (quoting *United Nuclear Corp. v. Gen. Atomic Co.*, 629 P.2d 231, 293 (1980)).

3

"[T]he mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege." *Id.* (quoting *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550–51 (10th Cir. 1995)). "An in-house counsel's communications regarding business matters, management decisions, and business advice, which neither solicit [n]or predominantly deliver legal advice, are not privileged." *Id.* (citation omitted). Moreover, a party may not claim the privilege by simply "[c]hanneling work through a lawyer rather than having non-legal personnel perform it" or by copying an attorney on an interoffice email sent to multiple people. *See id.* (citations omitted).

C.      **Work-Product Doctrine**

Rule 26(b)(3) governs issues regarding the work-product doctrine in diversity cases. *See id.* (citation omitted). The rule provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under ... this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

*Id.* at 650–51 (quoting Fed. R. Civ. P. 26(b)(3)). This "doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Id.* at 651 (quotation omitted).

Work product can include "materials that are gathered at the request of an attorney in anticipation of litigation." *Id.* (citation omitted). Such materials "receive[] less protection than opinion work product[,]" which is defined as "the mental impressions of the attorney." *Id.* (citation

4

omitted). A party claiming work-product protection "must show that the documents or materials were prepared in anticipation of litigation by or for a party or that party's representative." *Id.* (citing Fed. R. Civ. P. 26(b)(3)). "Litigation need not necessarily be imminent as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Id.* (citation omitted). "If the party . . . establishes entitlement to the protection," production of work-product material is only allowed "'upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(3)).

### D.    Privilege Log

Rule 26(b)(5) governs privilege logs and requires that a party withholding information under a claim of attorney-client privilege or the work-product doctrine "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege protection." *Id.* (quoting Fed. R. Civ. P. 26(b)(5)). "The law is well settled that failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege." *Id.* (quotation omitted).

### E.    Motions to Compel

When a "party improperly fails to respond to another party's discovery requests, the requesting party may move to compel disclosure and for appropriate sanctions." *Saiz v. ADD Express, Inc.*, No. 1:23-cv-0660 MLG/GBW, 2024 WL 264051, at *1 (D.N.M. Jan. 24, 2024) (citing Fed. R. Civ. P. 37(a)(3)(A)). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* (quoting Fed. R. Civ. P. 37(a)(4)).

The Local Rules provide that a party seeking relief under Rule 37 "must proceed . . . within [21] days of service of an objection unless the response specifies that documents will be produced or inspection allowed." D.N.M. LR-Civ. 26.6. Rule 26.6 further provides that "[f]ailure to proceed within this time period constitutes acceptance of the objection[,]" but the Court may change the 21-day period for good cause. *See id.*

"Ultimately, the Court 'is afforded broad discretion in the resolution of non-dispositive discovery disputes,' and its determination of whether to compel discovery will be 'overrule[d] only if this discretion is clearly abused.'" *Garcia*, 2025 WL 2966364, at *3 (quoting *Alsaadi v. Saulsbury Indus., Inc.*, No. 2:23-cv-0291 KG/KRS, 2024 WL 1617639, at *2 (D.N.M. Apr. 15, 2024)); *see also Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (noting that "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly") (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). "Finally, and in any event, D.N.M. LR-Civ. 1.7 provides that '[t]hese rules may be waived by a Judge to avoid injustice.'" *See Garcia*, 2025 WL 2966364, at *7 (quoting D.N.M. LR-Civ. 1.7).

## III.    Rulings

Owen moved to compel the following discovery requests: Interrogatories 3, 7, 10, 15, 17; Requests for Production (RFPs) 11, 24, 25, 8, 13; Interrogatory 20; RFPs 29; 32–39.[1] During the hearing, counsel for Owen withdrew the following requests: Interrogatories 10, RFP 13, and Interrogatory 20. The Court will deny the motion as moot with respect to those three requests.

For reasons stated on the record, the Court rules as follows on the remaining requests:

### Interrogatories 3, 7, 15 and RFPs 11, 8

The Court denies Interrogatories 3, 7, and 15 and RFPs 11 and 8 as untimely. Audubon

---

[1] The Court addresses the discovery requests in the same order the parties discussed them.

originally responded to these requests on June 24, 2024. (*See* Doc. 78 at 1 n.1 (citing Docs. 78-C–F).) Because Owen failed to file a motion to compel within D.N.M. LR-Civ. 26.6's 21-day deadline and did not establish that the parties continued to confer about the discovery requests as required to stop the clock from running, the Court finds that the motion is untimely and will be denied with respect to these requests.

### Interrogatory 17 and RFPs 24, 25, 29, 32–39

The Court grants in part the motion to compel these discovery requests. Audubon objected to these requests, in relevant part, on the basis that they seek information protected by attorney-client privilege and/or the work-product doctrine.[2] (*See* Docs. 78-D at 2–3; 78-E at 4.) However, Audubon never provided a privilege log as required by Rule 26(b)(5)(A) and as directed by the undersigned at the December 1, 2025 informal discovery conference. (*See* Doc. 74 at 3.) While the law is clear that the Court may find that Audubon waived any claim of privilege by failing to produce a privilege log, *see Anaya*, 251 F.R.D. at 651 (citation omitted), the Court declines to impose such a harsh penalty. Instead, having reviewed the 640 pages of documents provided by Audubon and the accompanying privilege log, the Court finds that the following Bates-stamped pages are *not* protected by attorney-client privilege or the work-product doctrine and must be turned over to Owen:

- 1–3
- 8–9
- 11
- 13

---

[2] Audubon did not object to RFPs 29 or 32–39 on the basis of privilege. (*See* Docs. 78-H at 2; 79-I.) At the hearing, however, counsel for Audubon confirmed that any documents responsive to these requests were included in the privilege log provided for the Court's in camera review.

- 29–30
- 38–39
- 21–27
- 550–60
- 562–63
- 565
- 574–75
- 576–88
- 589
- 591–93
- 598
- 603
- 605
- 608–09
- 614–15
- 621–28
- 631–32
- 635–36
- 640

**IT IS THEREFORE ORDERED** that Owen's Motion to Compel Discovery (Doc. 78) is **GRANTED IN PART and DENIED IN PART** as outlined herein.

**IT IS FURTHER ORDERED** that no later than **March 10, 2026**, Audubon may either file a motion for protection on those documents it believes are still privileged or turn the documents

over to Owen.[3] If documents are turned over, Audubon must contemporaneously file a notice stating which pages were turned over.

**IT IS FURTHER ORDERED** that the Court **DENIES** the parties' requests for an award of attorneys' fees.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Some pages may require redaction, due to the way that the documents are formatted.