IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID OWEN,

      Plaintiff,

v.                                                                                          No. 2:24-cv-0215 MLG/DLM

AUDUBON FIELD SOLUTIONS, LLC,

      Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

**THIS MATTER** is before the Court on Audubon Field Solutions, LLC's Corrected Motion for Reconsideration and for Protection. (Doc. 106.) Owen timely responded (Doc. 112), and Audubon did not file a reply brief. As explained below, the Court will **DENY** the motion.

## I.     Legal Standards

### A.     Motions to Reconsider

Audubon asks the Court to reconsider the rulings it made on certain documents central to Owen's Motion to Compel. (*See* Docs. 78; 103.) Audubon's motion "is considered 'an interlocutory motion invoking the [Court's] general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.'" *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008) (quotation omitted). "Rule 54(b) provides that a district court can freely reconsider its prior rulings." *Med Flight Air Ambulance, Inc. v. MGM Resorts Int'l*, No. 17-CV-0246 WJ/KRS, 2018 WL 1997292, at *5 (D.N.M. Apr. 27, 2018) (citing *Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M. 2015)). "In addition, the rule 'puts no limit or governing standard [on] the district court's ability to do so, other than that it must do so before the entry of judgment.'" *Id.* (quoting *Lujan*, 122 F. Supp. at 1238 (quotation marks omitted)). The Court "*may look to the standard used to review a motion made pursuant to . . . Rule 59(e)[,]" *Ankeney v.*

*Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013) (emphasis added), but it "has not cabined district courts' discretion beyond what [R]ule 54(b) provides[,]" *Lujan*, 122 F. Supp. at 1238 (citing *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007)). In *Med Flight Air Ambulance*, for example, the court was "guided by concerns of judicial economy, avoiding piecemeal litigation, and the posture of all the parties involved." *See* 2018 WL 1997292, at \*6. And in *Lujan*, the court considered (1) "how thoroughly the earlier ruling addressed the specific findings or conclusions that the motion to reconsider challenge[d]"; (2) "the case's overall progress and posture, the motion for reconsideration's timeliness relative to the ruling it challenges, and any direct evidence the parties . . . produce[d]"; and (3) the grounds courts use to consider a motion to reconsider brought under Rule 59(e). 122 F. Supp. 3d at 1238–39; *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Grounds for granting a motion to reconsider pursuant to Rule 59(e) include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Ankeney*, 524 F. App'x at 458 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

### B.      Motions for Protective Order

"The trial court has discretion to grant a protective order pursuant to rule 26(c)." *Bhasker v. Kemper Cas. Ins. Co.*, 361 F. Supp. 3d 1045, 1119 (D.N.M. 2019) (citation omitted). The party seeking the protective order has the burden to show good cause for the order. *See id.* (citations omitted). The movant "must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Id.* (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

## II.      Analysis

Audubon argues that certain documents are "privileged attorney-client and attorney work

2

product for the reasons discussed in Audubon's response to Owen's motion and supporting declarations from Dan Wellons . . . ." (*See* Doc. 106 at 2 (citing Docs. 79 at 12–16; 79-14 at 1–13; 36-6, Ex. 14).) It argues that other documents should not be disclosed on the basis that "they reflect privileged discussions regarding matters that are not relevant to Owen's claims or Audubon's defenses." (*Id.* at 3.)

Beyond these general assertions, Audubon offers no new argument or authority in support of its motion to reconsider. This failure is detrimental to its motion. Much of the requested discovery has been at issue since June 24, 2024. (*See* Doc. 78 at 1 & n.1.) As the Court noted at the discovery hearing, "Audubon never provided a privilege log as required by Rule 26(b)(5)(A) and as directed by the undersigned at the December 1, 2025 informal discovery conference." (Doc. 103 at 7 (citing Doc. 74 at 3).) Because Audubon fails to develop a well-reasoned argument to establish that the documents should not be produced, the Court will deny the motion to reconsider.

Moreover, Audubon fails to develop any argument to show good cause for a protective order. Owen asks the Court to order Audubon to "simply produce all the documents for an attorneys' eyes-only review." (*See* Doc. 112 at 2.) The Court finds Owen's proposed solution may be adequate. The Court will order the parties to confer and submit a proposed stipulated protective order for the Court's consideration.

**IT IS THEREFORE ORDERED** that Audubon's Corrected Motion for Reconsideration and for Protection (Doc. 106) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Reconsideration (Doc. 105) is **DENIED AS MOOT.**

3

**IT IS FURTHER ORDERED** that no later than **April 13, 2026**, Audubon shall produce all documents that are *not* at issue in the motion to reconsider. Audubon must contemporaneously file a notice with the Court confirming the production.

**IT IS FURTHER ORDERED** that the parties shall, no later than **April 18, 2026**, submit a proposed stipulated protective order regarding the documents at issue in the motion to reconsider (Bates-stamped 00001–2, 000013, 000023–27, 000038–39, 0000550–551, 555–560, 574–575, 576–588, 614–615, 631–632, 635).

_____

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

4