**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID OWEN,

      Plaintiff,

v.                                       No. 2:24-cv-0215 MLG/DLM

AUDUBON FIELD SOLUTIONS, LLC,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on: (1) Plaintiff David Owen's Motion to Enforce the Court's April 8, 2026 Order (Doc. 118); (2) Owen's Motion to Enter Proposed Protective Order (Doc. 121); (3) Owen's Motion to Enforce the Court's February 24, 2026 Order (Doc. 122); and (4) Defendant Audubon Field Solutions, LLC's Motion for Entry of Protective Order (Doc. 123). Having considered the parties' arguments and the relevant law, the Court finds as follows.

**I.      Relevant History**

On February 24, 2026, following a motion hearing, the Court entered a Memorandum Opinion and Order granting in part Owen's December 15, 2025 Motion to Compel Discovery. (*See* Docs. 78; 94–95; 103.) Relevant here, the Court found that "Audubon never provided a privilege log as required by Rule 26(b)(5)(A) and as directed by the undersigned at the December 1, 2025 informal discovery conference." (*See* Doc. 103 at 7 (citing Doc. 74 at 3).) The Court noted that "the law is clear that the Court may find that Audubon waived any claim of privilege by failing to produce a privilege log [but] . . . decline[d] to impose such a harsh penalty" on Audubon by requiring it to produce all 640 pages of documents at issue in the privilege log it finally produced to the Court in February 2026. (*See id.* at 2, 7 (citing *Anaya v. CBS Broadcasting, Inc.*, 251 F.R.D. 645, 650 (D.N.M. 2007)).) Rather, the Court found that a number of pages were not protected by

attorney-client privilege or the work-product doctrine and ordered Audubon to turn those documents over to Owen. (*See id.* at 7–8.) The Court also ordered Audubon, by March 10, 2026, to "either file a motion for protection on those documents it believes are still privileged or turn the documents over to Owen." (*See id.* at 8–9.)

On March 10, 2026, Audubon filed a motion to reconsider. (*See* Doc. 106.) On April 8, 2026, the Court denied the motion and ordered Audubon to produce certain documents no later than April 13, 2026. (*See* Doc. 116 at 4.) The Court further ordered the parties to confer and submit, no later than April 18, 2026, a proposed stipulated protective order regarding the documents at issue in the motion to reconsider. (*See id.*)

On April 14, 2026, Owen filed the Motion to Enforce the Court's April 8, 2026 Order. (*See* Doc. 118.) Owen reported that Audubon failed to produce any documents by the Court's April 13, 2026 deadline. (*See id.* at 2.) The Court ordered Audubon to file written notice showing good cause for its failure to comply with the order. (Doc. 119.) Audubon then filed a Notice of Compliance.[1] (Doc. 120.) It later explained that it failed to timely produce the documents due to an administrative oversight. (*See* Doc. 126.) The Court found Audubon's explanation satisfactory. (*See* Doc. 128.)

On April 17, 2026, Owen filed two additional motions: one for a protective order, and one seeking to enforce the Court's February 24 Order—that is, to compel Audubon to produce the documents at the center of the forthcoming protective order. (*See* Docs. 121–22.) The following day, Audubon filed its own motion for protective order. (Doc. 123.)

II.    **Analysis**

A.    **Owen's Motion to Enforce the Court's April 8 Order (Doc. 118)**

The Court will deny as moot Owen's Motion to Enforce the Court's April 8, 2026 Order.

---

[1] Audubon later filed an amended notice and a claw back notice, as it mistakenly produced the incorrect documents to Owen. (*See* Docs. 124–25.)

(Doc. 118.) Owen alerted the Court that Audubon had not produced documents as ordered. (*See id.* at 1–2 (citing Doc. 116 at 4).) Audubon has since filed notice of its compliance with the Court's order. (*See* Docs. 120; 126.) As a result, the Court quashed its Order to Show Cause, finding no bad faith in Audubon's inadvertent failure to meet the court-imposed deadline. (*See* Docs. 119; 128.) Accordingly, the Court finds Owen's Motion to Enforce (Doc. 118) should be **denied as moot**.

> **B.     The Parties' Motions for a Protective Order (Docs. 121; 123) and Owen's Motion to Enforce the Court's February 24, 2026 Order (Doc. 122)**

Before turning to the parties' dueling motions for a protective order (*see* Docs. 121; 123), the Court first addresses Owen's motion to enforce and his contention that Audubon violated a Court order to produce certain documents by April 18, 2026. (*See* Docs. 121 at 2; 122.) To begin, the documents at issue in the motions for protective order and the motion to enforce are the same documents Audubon discussed in its motion to reconsider.[2] (*See* Docs. 105; 116 at 4; 121–23.)

In its April 8 Order denying Audubon's motion to reconsider, the Court required Audubon to "produce all documents that are *not* at issue in the motion to reconsider" by April 13, 2026, and ordered the parties to "submit a proposed stipulated protective order" by April 18, 2026. (*See* Doc. 116 at 4.) Owen misstates this Order and asserts that the Court required Audubon to "submit a proposed stipulated protective order . . . **and produce said documents to [Owen]**" by April 18. (Doc. 121 at 2 (citing Doc. 116) (emphasis added).) The April 8 Order contains no such requirement. Nowhere did the Court order Audubon to produce the remaining documents to Owen simultaneously with the submission of the *proposed* stipulated protective order. Rather, as defense counsel pointed out in an email to plaintiff's counsel, "[i]t is logical that the Court must, at a

---

[2] As identified by Audubon, the documents are Bates-stamped 00001–2, 000013, 000023–27, 000038–39, 0000550–551, 555–560, 574–575, 576–588, 614–615, 631–632, 635. (*See* Doc. 105 at 1–3.)

minimum, first approve the protective order" before Audubon produces the documents. (*See* Doc. 122-1 at 4.) Defense counsel is correct. There is no need to turn over documents until after the Court enters a protective order. Consequently, the Court **denies** Owen's motion to enforce.[3] (Doc. 122.)

Having considered the parties' proposed protective orders, the Court finds Audubon's version is acceptable with the red-lined changes set out below, which conform to the sample protective order available on the undersigned's chambers website, https://www.nmd.uscourts.gov/content/honorable-damian-l-martinez. Audubon's Stipulated Protective Order begins with two introductory paragraphs that describe the purpose and scope of the protective order. (*See* Doc. 123-1 at 2.) The Court discusses the substantive portion of the proposed protective order below.

> 1. Within 5 days of the date of this Order, and pursuant to this Order, Defendant will produce documents bates numbered: 00001–2, 000013, 000023–27, 000038–39, 0000550–551, 555–560, 574–575, 576–588, 614–615, 631–632, and 635 with a "Confidential Attorney's Eyes Only" designation (the "AEO Confidential Documents"). To the extent that the Confidential Documents are available to the public or have not previously been kept in a confidential manner, they are exempted from this Order.
>
> 2. The AEO Confidential Documents shall not be disclosed to Plaintiff during the litigation and may only be reviewed by the attorneys of record for the parties, their employees, the Court, and court reporterscourt personnel. Unless otherwise ordered by the Court or provided for in this Order, any party receiving the AEO Confidential Documents Confidential information must hold and maintain such information or document solely for use in connection with this action and must not disclose the information or document to any other person except those identified in paragraphs 2–3.
>
> 3. The Confidential Documents may further be disclosed to an insurer, consultant, or expert employed in connection with this litigation by an attorney of record for the parties; provided, however, that before Confidential Documents are disclosed to any such individual, said attorneys shall secure from the individual an

---

[3] If necessary, Owen may refile the motion if Audubon misses the deadline for the documents' production as directed herein.

acknowledgment that the individual has read and agrees to abide by the terms of this Order.

4. Within thirty days after entry of final judgment or other final resolution of the matter, Plaintiff's attorneys must, upon written request by Defendant's attorneys, return all ~~AEO~~ Confidential Documents and copies to the producing party or provide certification of the destruction of such Confidential~~AEO~~ Documents. Notwithstanding the foregoing, each party's~~ies'~~ counsel may retain their working files on the condition that those files will remain confidential.

(Doc. 123-1 at 2–3.)

Owen's argument that "Audubon's proposed protective order contain[s] no terms that would allow Owen (or any party) to actually use any such designated documents, nor any mechanism to challenge the proposed [Confidential] designations[,]" is incorrect. (*See* Doc. 121 at 2–3.) The following paragraphs, as modified to conform to the undersigned's sample protective order, should assuage Owen's concerns.

5. The foregoing is without prejudice to the right of any party to apply to the Court for an order to:

   a. Further protect the Confidential~~AEO~~ Documents;
   b. Seek protection regarding the production of documents or information;
   c. Modify or remove a designation of "Confidential ~~Attorney's Eyes Only~~";
   d. Compel production of documents or information; or
   e. Modify this Order.

6. Use in Filings. ~~Material designated Confidential may be used in briefing, motions, or hearings, provided that any such material is filed under seal or provided to the Court in camera.~~ The parties acknowledge that this Order does not entitle them to seal confidential information filed with the Court. In the event a party seeks to file any Confidential Document subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal.

7. The submitting party may file a Confidential Document protected under this Order as a separate sealed exhibit before a sealing order is obtained.

Contemporaneously with that filing, however, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so, why, within 14 days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the 14-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

8. The terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a Confidential Document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the Confidential Document as may be required by a scheduling or other order. Any party may move the Court for an order that the Confidential Document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

9. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party maintains its right to object to the use or admissibility of all Confidential Information pursuant to applicable law and rules.

(Doc. 123-1 at 3.)

The Court will enter the protective order separately. Audubon shall produce the Confidential Documents no later than **three business days** following entry of the protective order.

**IT IS THEREFORE ORDERED** that Owen's Motion to Enforce the Court's April 8, 2026 Order (Doc. 118) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Owen's Motion to Enter Proposed Protective Order (Doc. 121) and Owen's Motion to Enforce the Court's February 24, 2026 Order (Doc. 122) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Audubon Field Solutions, LLC's Motion for Entry of Protective Order (Doc. 123) is **GRANTED IN PART**, and the Court will separately enter a modified protective order as outlined herein.

**IT IS FURTHER ORDERED** that Audubon shall produce the Confidential Documents no later than **three business days** following entry of the protective order.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

7